T. B. Showalter v. Benjamin Kirk's Exrs.

[Abstract Kentucky Law Reporter, Vol. 4—348.]

**Consideration for Promise to Pay Increased Rate of Interest.**
A memorandum attached to a note after the date of its execution promising to pay an additional rate of interest for the time that had elapsed since said execution, is no part of the contract embraced in the note and is without consideration and unenforcible.

**Incompetent Witness.**
Where the maker of a note is dead, the payee is incompetent to testify concerning any part of the transaction or as to statements made by the obligor at the time of the execution of such note.

APPEAL FROM MASON CIRCUIT COURT.

October 12, 1882.

Opinion by Judge Hargis:

The judgment appealed from gave the appellant the sum of $3,471.36 as secured by the mortgages to him.

The notes with credits deducted stood thus on the 1st day of May, 1880, when the judgment was rendered:

1. Note due April 10, 1871 _____$3,555.29
   Interest at six per cent. to October 23, 1875_____  967.63
2. Note due July 27, 1871 _____  2,000.00
   Interest at six per cent. to October 23, 1875_____  508.66

$7,031.58

Credit on the last named date, cash $2,000, and two
   Bain notes for $1,226.25 each _____  4,452.50

$2,579.08

Interest thereon from October 23, 1875, to May 1, 1880,
   at six per cent. _____  699.34

$3,278.42

It will be seen that the appellant's secured debts were not as much as the court allowed him and he can not justly complain.

The memorandum attached to each of the notes on August 4, 1873, promising to pay ten per cent. per annum from Septem-

ber 1, 1871, is no part of the contract embraced by the notes, and is without mutuality. There was no consideration to sustain the promise, or either memorandum, to pay additional interest on the time that had elapsed. Nor did either embrace a promise by appellant to forbear to sue or collect the notes for any period of time in the future. After the memorandas were made the appellant could, at any time, have brought an action upon the notes and the obligor could not have prevented a recovery by reason of any supposed agreement or obligation on the part of appellant depending upon the terms of the writing evidencing the promise to pay the ten per cent. interest. The writing must be considered as the only legal evidence of the contract before us and as embracing the whole of the agreement, because the appellant was incompetent to testify, when he gave his evidence, concerning any part of the transaction or statement made by the obligor who was then dead, and as the writing imports no consideration, the court properly refused to allow the appellant any but·legal interest on his claims against the decedent's estate.

The judgment is therefore *affirmed*.

*Campbell & Mitchell, for appellant.*